1  KHAI LEQUANG (STATE BAR NO. 202922)
   klequang@orrick.com
2  RICHARD W. KREBS (STATE BAR NO. 278701)
   rkrebs@orrick.com
3  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street
4  Suite 1100                          NOTE: CHANGES MADE BY THE COURT
   Irvine, CA 92614-8255
5  Telephone:  +1 949 567 6700

6  Attorneys for Plaintiff LIFE OPPORTUNITY
   FUND I, LP
7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  LIFE OPPORTUNITY FUND I, LP,        Case No. 2:24-cv-09016-JAK (JPRx)

13              Plaintiff,              **STIPULATED PROTECTIVE ORDER**

14        v.                           **(DISCOVERY MATTER)**

15  EVELYN FELICIANO,

16              Defendant.

17

18

19

20

21

22

23

24

25

26

27

28

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords applies only to specific categories of documents and information that contain confidential, proprietary, or legally protected materials. The burden of establishing confidentiality rests solely with the Designating Party, who must demonstrate good cause under applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file Confidential Information under seal; rather, the Designating Party must establish compelling reasons for such sealing under applicable law, including Civil Local Rule 79-5 and *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006). Blanket confidentiality designations shall not justify sealing.

    1.2    <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve the exchange of documents and information reflecting private medical and financial information, as well as proprietary, non-public information regarding business practices and trade secrets for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise

protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical, strategic, or obstructive purposes, and that no material shall be designated as confidential without a reasonable, good faith belief that such information is legally protected, not publicly available, and necessary to prevent specific harm from disclosure.

2.    DEFINITIONS

2.1    Action: *Life Opportunity Fund I, LP v. Evelyn Feliciano*, Case No. 2:24-cv-09016-JAK-JPR.

2.1    Challenging Party: A Party or Nonparty that challenges the designation of information or items under this Order. The Challenging Party shall not be required to prove that the designation is improper; rather, the burden shall be on the Designating Party to establish the basis for confidentiality. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions.

2.3    "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement. Confidentiality shall not be asserted over documents that are publicly available, contain general business practices, or are otherwise not legally protected. Indiscriminate or routinized designations are prohibited.

2.4    Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    Designating Party: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL." Any such designation must be made in good faith and must be narrowly tailored to include only material that qualifies for protection. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8    House Counsel: attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Nonparty: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.11    Party: any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their

1  support staffs).

2  2.12  <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or

3  Discovery Material in this Action.

4  2.13  <u>Professional Vendors</u>: Persons or entities that provide litigation support

5  services (for example, photocopying, videotaping, translating, preparing exhibits or

6  demonstrations, and organizing, storing, or retrieving data in any form or medium)

7  and their employees and subcontractors. Professional Vendors shall not use or

8  disclose Confidential Material for any purpose outside the scope of this litigation and

9  must sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A) before

10  receiving such material.

11  2.14  <u>Protected Material</u>: any Disclosure or Discovery Material that is

12  designated as "CONFIDENTIAL" in strict compliance with the standards set forth

13  in this Order. Protected Material must be limited to non-public, sensitive business,

14  financial, medical, or proprietary information that would cause specific harm if

15  disclosed. Generic business documents, publicly available information, or materials

16  produced without reasonable justification for confidentiality shall not qualify as

17  Protected Material.

18  2.15  <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

19  from a Producing Party.

20  3.  <u>SCOPE</u>

21  The protections conferred by this Stipulation and Order cover not only

22  properly designated Protected Material (as defined above) but also any information

23  copied or extracted from Protected Material; all copies, excerpts, summaries, or

24  compilations of Protected Material; and any testimony, conversations, or

25  presentations by Parties or their Counsel that might reveal Protected Material, but

26  shall not extend to derivative materials that do not independently contain confidential

27  information.

28  Any use of Protected Material at trial will be governed by the orders of the trial

4

judge. This Order does not govern the use of Protected Material at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition is the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    Each Party or Nonparty that designates information or items for protection under this Order must take care to narrowly tailor designations to only those specific portions of material that qualify under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must within seven (7) days of such discovery notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Except as otherwise provided in this Order, only those portions of Disclosure or Discovery Material that legitimately qualify for protection under this

1    Order must be clearly designated before the material is disclosed or produced.

2        Designation in conformity with this Order requires the following:

3        (a) for information in documentary form (for example, paper or electronic

4    documents but excluding transcripts of depositions or other pretrial or trial

5    proceedings), the Producing Party must affix at a minimum the legend

6    "CONFIDENTIAL" to each page that contains Protected Material. If only a portion

7    or portions of the material on a page qualify for protection, the Producing Party

8    should to the extent practicable, clearly identify the protected portion(s) (for example,

9    by making appropriate markings in the margins).

10        A Party or Nonparty that makes original documents available for inspection

11    need not designate them for protection until after the inspecting Party has indicated

12    which documents it would like copied and produced. During the inspection and

13    before the designation, all material made available for inspection must be treated as

14    "CONFIDENTIAL." After the inspecting Party has identified the documents it wants

15    copied and produced, the Producing Party must determine which documents, or

16    portions thereof, qualify for protection under this Order. Then, before producing the

17    specified documents, the Producing Party must affix the "CONFIDENTIAL" legend

18    to each page that contains Protected Material. If only a portion or portions of the

19    material on a page qualify for protection, the Producing Party should to the extent

20    practical clearly identify the protected portion(s) (for example, by making

21    appropriate markings in the margins).

22        (b) For testimony given in depositions, the Designating Party must identify the

23    Disclosure or Discovery Material that is protected clearly and with specificity on the

24    record, before the close of the deposition. If a confidentiality designation is not made

25    on the record, the party seeking protection must provide written notice identifying

26    the specific confidential testimony within thirty (30) days after receiving the

27    transcript, or confidentiality shall be waived.

28        (c) For information produced in some form other than documentary and for

any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." Wherever possible, specific portions of the material that require confidentiality should be clearly identified rather than designating the entire container or dataset. Indiscriminate or routinized designations are prohibited.

5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. However, corrections must be made within fourteen (14) days of discovering the omission. Failure to timely correct a designation shall constitute a waiver of confidentiality, unless the Designating Party demonstrates good cause for the delay. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order. A challenge shall not be deemed untimely on the basis that the material has been designated for an extended period.

6.2    The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37.

6.3    The burden of persuasion in any such proceeding is on the Designating Party, who must demonstrate, with specificity, why the confidentiality designation is justified under applicable law. Generalized claims of competitive harm or privacy concerns shall not suffice. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled

under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Protected Material may not be used in any other litigation, administrative proceeding, or for commercial advantage, competitive purposes, or media dissemination, absent a Court order or written consent of the Designating Party. Such Protected Material may be disclosed only to the categories of people and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Order.

7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following people:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional

8

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary, provided that the deposing party requests that the witness sign the form attached as Exhibit A. If a witness refuses to sign the acknowledgment form, the Party seeking to disclose the Protected Material must obtain leave of Court before proceeding with the disclosure. Witnesses will not be permitted to keep any confidential information unless they sign the form, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, civil investigative demand, discovery request, or court order issued in other litigation or government investigation that seeks disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party no later than five (5) business days after receipt of the subpoena, request, or order, and before producing any materials. Such notification must include a copy of the subpoena, request, or court order unless prohibited by law .

(b) promptly notify in writing the party who caused the subpoena or order to

issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification must include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena, request, or order shall not produce any information designated in this Action as "CONFIDENTIAL" unless and until either (i) the relevant court compels production despite the protective order, or (ii) the Designating Party consents in writing to disclosure. The Receiving Party must take all reasonable steps to object to disclosure and preserve the confidentiality of the Protected Material until the court rules. The Designating Party bears the burden and expense of seeking protection of its Confidential Material. Unless required by law, the Receiving Party shall not voluntarily comply with a subpoena or order requiring disclosure of Protected Material without first providing the Designating Party an opportunity to seek a protective order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court; however, the Receiving Party must assert all reasonable objections to production based on this Protective Order and applicable law.

9.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. A Nonparty's designation of information as "CONFIDENTIAL" shall be given the same force and effect as a Party's designation under this Order, and any Party receiving Nonparty Protected Material must comply with the obligations imposed herein. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking

additional protections or moving to intervene for the purpose of enforcing its confidentiality rights.

(b) In the event that a Party is required by a valid discovery request or subpoena to produce a Nonparty's Confidential Information in its possession, and the Party is subject to an agreement with the Nonparty not to produce such information, then the Party must within five (5) business days of receipt:

(1) promptly notify in writing the Requesting Party and the Nonparty (no later than five (5) business days after receiving the request) that some or all of the information requested is subject to a confidentiality agreement with a Nonparty. The notification must include a specific explanation of the confidentiality obligations and provide the Nonparty with sufficient details to evaluate the scope of the disclosure request.

(2) promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection and review by the Nonparty, if requested. No disclosure shall occur before the Nonparty has had an opportunity to inspect the documents and assert objections or seek a protective order.

(c) If the Nonparty fails to seek a protective order or provide written objections within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Information responsive to the discovery request, but only to the extent required by law. The Producing Party shall not voluntarily disclose the information absent a legal obligation to do so. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking

1   protection of its Protected Material.

2   10.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

3        If a Receiving Party learns that by inadvertence or otherwise, it has disclosed

4   Protected Material to any person or in any circumstance not authorized under this

5   Order, the Receiving Party must within three (3) business days notify the Designating

6   Party in writing of the unauthorized disclosure, describing the circumstances of the

7   disclosure and identifying all individuals or entities who received the Protected

8   Material. The Receiving Party must also immediately take all necessary steps to

9   retrieve all unauthorized copies of the Protected Material and prevent further

10   disclosure. The Receiving Party shall request that the unauthorized recipient execute

11   the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and if such

12   recipient refuses to do so, the Receiving Party must inform the Designating Party

13   immediately.

14   11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

15        When a Producing Party gives notice to Receiving Parties that certain

16   inadvertently produced material is subject to a claim of privilege or other protection,

17   the Receiving Party must immediately cease all review, dissemination, or use of the

18   disputed material and comply with the obligations set forth in Federal Rule of Civil

19   Procedure 26(b)(5)(B). The Receiving Party shall return, sequester, or destroy the

20   inadvertently disclosed material within five (5) business days of receiving notice and

21   confirm compliance in writing to the Producing Party. If the Receiving Party disputes

22   the claim of privilege, it must promptly present the material to the Court under seal

23   for a determination, and until the Court resolves the issue, the material shall not be

24   used in any manner.

25   12.   <u>MISCELLANEOUS</u>

26        12.1   Nothing in this Order abridges the right of any person to seek its

27   modification by the Court. However, absent a court order, no modification shall be

28   made unless the requesting Party demonstrates a material change in circumstances

1  warranting such modification.

2      12.2   By stipulating to the entry of this Order, no Party waives any right it

3  otherwise would have to object to disclosing or producing any information or item

4  on any ground not addressed in this Order, including but not limited to attorney-client

5  privilege, work-product doctrine, or any statutory or constitutional protection.

6  Similarly, no Party waives any right to object to the admissibility of any material

7  covered by this Order at trial or in any proceeding.

8      12.3   A Party that seeks to file under seal any Protected Material must comply

9  with Civil Local Rule 79-5. No material shall be filed under seal absent a specific

10  showing of good cause (for non-dispositive motions) or compelling reasons (for

11  dispositive motions), consistent with *Kamakana v. City & Cnty. of Honolulu*, 447

12  F.3d 1172 (9th Cir. 2006). Blanket confidentiality designations are insufficient to

13  justify sealing.

14  13.   <u>FINAL DISPOSITION</u>

15      After the final disposition of this Action, as defined in paragraph 4, within 60

16  days of a written request by the Designating Party, each Receiving Party shall, at its

17  option, either (i) return all Protected Material to the Producing Party, or (ii) securely

18  destroy such material, including any electronically stored copies. The Receiving

19  Party must not retain Protected Material for any purpose other than as permitted by

20  this Order. As used in this subdivision, "all Protected Material" includes all copies,

21  abstracts, compilations, summaries, and any other format reproducing or capturing

22  any of the Protected Material. Whether the Protected Material is returned or

23  destroyed, the Receiving Party must submit a written certification to the Producing

24  Party (and, if not the same person or entity, to the Designating Party) by the 60-day

25  deadline that identifies (by category, when appropriate) all the Protected Material

26  that was returned or destroyed and affirms that the Receiving Party has not retained

27  any copies, abstracts, compilations, summaries, or any other format reproducing or

28  capturing any of the Protected Material. Notwithstanding this provision, Counsel are

entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.    SANCTIONS

Any willful violation of this Order may be punished by civil or criminal contempt, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  February 27, 2025                    **ORRICK, HERRINGTON & SUTCLIFFE LLP**

                                             By:    */s/ Richard W. Krebs*
                                                    Khai LeQuang
                                                    Richard W. Krebs

                                             Attorneys for Plaintiff Life Opportunity Fund I, LP

Dated:  February 27, 2025                    **JACK FERNANDES LAW, APC**

                                             By:    */s/ Jack J. Fernandes*
                                                    Jack J. Fernandes, Esq.

                                             Attorney for Defendant Evelyn Feliciano

        IT IS SO ORDERED.

Dated: 2/27/2025                             _____
                                             JEAN P. ROSENBLUTH
                                             United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the U.S. District Court for the Central District of California in the case of *Life Opportunity Fund I, LP v. Evelyn Feliciano*, Case No. 2:24−cv−09016−JAK-JPR. I agree to comply with and to be bound by all terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the U.S. District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

15